IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHNNIE WINBUSH,

    Petitioner,

vs.                                         Case No. 4:06cv352-RH/WCS

WARDEN TRACY JOHNS and the
FLORIDA ATTORNEY GENERAL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS

Petitioner filed a 28 U.S.C. § 2254 petition on June 28, 2006 (the date of his signature and presumably mailing). Doc. 1. Pursuant to court order, doc. 5, Petitioner filed an amended petition on September 18, 2006 (the date of mailing). Doc. 6. A response was directed, and Petitioner given a time limit for filing a reply if he wished to do so. Doc. 8.

Respondent then filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). Doc. 9 (and doc. 10, amended certificate of service). Hereafter,

references to exhibits are to those in support of the motion to dismiss, electronically filed as docs. 9-2 to 9-6.[1]

Petitioner, currently in federal custody, challenges his conviction and sentence out of the Circuit Court in Gadsden County. Doc. 6, p. 1. Petitioner entered a guilty plea on January 15, 2003. Doc. 9-1, pp. 26-32 on the electronic docket (sentencing transcript and plea and acknowledgment of rights form). He was sentenced on April 23, 2003. Doc. 9-3, pp. 2-13 (judgments in 02-152CF and 02-159CF). Petitioner did not appeal the state court judgment.[2]

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[3] The time is tolled while a "properly filed" application for relief is pending in state court. § 2244(d)(2).

As Petitioner did not take an appeal, his state conviction became final on May 23, 2003, when the time for filing a direct appeal expired. Doc. 9, p. 3; Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence).

---

[1] Though I directed that paper copies of voluminous exhibits be provided, doc. 8, p. 4, exhibits A, B, and C (151 pages) were filed electronically. References to these exhibits, therefore, will be to the document and page numbers assigned on the electronic docket.

[2] Petitioner was also sentenced in this court (case number 4:02cr49-RH) by judgment entered on the docket on April 23, 2003. Doc. 9-3, pp. 15-21. He is currently serving the federal sentence.

[3] Later commencement dates are provided, § 2244(d)(1)(B)-(D), none of which appear applicable here.

Petitioner filed a Fla.R.Crim.P. 3.850 motion on June 9, 2004 (the date of mailing). Doc. 9-2, pp. 11-29. By the time the motion was filed (383 days after the conviction became final), the one year had expired and there was no time left to toll. *See* Tinker v. Moore, 255 F.3d 1331, 1333, 1335 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (though Rule 3.850 allows two years for filing, Florida prisoners must pursue remedies in a manner leaving sufficient time within the § 2244 period; "[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

The time would have been tolled from the filing of the Rule 3.850 motion until no later than August 2, 2005, when the mandate was issued in the Rule 3.850 appeal. Doc. 9-6, p. 20.[4] Petitioner waited another 330 days until filing his § 2254 petition on June 28, 2006. Some 713 days of untolled time elapsed, and the § 2254 petition is untimely.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 9) be **GRANTED**, and the § 2254 petition, challenging the 2003 judgment of the Circuit Court in Gadsden County, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] This is assuming, without deciding, that Petitioner is entitled to tolling for the full period. His notice of appeal from denial of the Rule 3.850 motion was dismissed as untimely (doc. 9-6, p. 17, on the electronic docket), so may not have been "properly filed" for purposes of § 2244(d)(2).

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv352-RH/WCS